IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KINYATA KIMBERLY NICHOLS                                          PLAINTIFF

v.                         Civil No. 2:19-CV-02143

CAPTAIN DUMAS, GUARD SLAVENS,                                    DEFENDANTS
GUARD SEABRING, CORPORAL
CREEKMORE, ASHLEY GREY (a/k/a
ASHLEY SMITH), EDDIE SMITH,
DEUPTY MCBROOM, CORPORAL
BROWN, CHINA WEBB, DAYTONE
(Mental Health), HEAD NURSE CINDY
MOORE, MS. ROUSE, MR. BARRONS,
STAMPS (Medical), NURSE VICKY, ALL
OF THE ADMINISTRATION OF THE
SEBASTIAN COUNTY ADULT
DETENTION CENTER, and THE STATE
OF ARKANSAS

## OPINION AND ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed her Complaint on November 20, 2019. (ECF No. 1). She alleges her constitutional rights were violated on April 12, 2019 through April 13, 2019, while she was incarcerated in the Sebastian County Detention Center. (*Id*. at 4-5). She alleges that Defendants Slavens, Seabring, Creekmore, the Detention Center Administration, and the State of Arkansas utilized excessive force against her by taking her out of a safe cell and putting her in cell with a mentally insane inmate with a documented history of violence. Plaintiff alleges this led to "racial

1

battery" which violated her due process rights. Plaintiff does not explain what is meant by "racial battery." (*Id*. at 4-5). Plaintiff further alleges "state liability for action of employees." She alleges the State of Arkansas, the Detention Center Administration, and Defendant Grey violated her rights because she was beaten and racially discriminated against by an inmate. She alleges the facility knew of and condoned her being subjected to harsh conditions which resulted in her needing medical attention and caused emotional distress. (*Id*. at 5-6). She alleges the facility breached their duty of care to her and violated their mission statement. (*Id*. at 6). Plaintiff provides 20 pages of documentation with her Complaint, including a letter from the Department of Justice ("DOJ") in response to her allegations of misconduct against employees and contractors of the DOJ. (*Id*. at 9-29).

Plaintiff proceeds against all Defendants in their official capacity only. (*Id*. at 4, 5). She seeks compensatory damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff

2

must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

**A. State of Arkansas**

Plaintiff's claims against the State of Arkansas must fail. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).

**B. Sebastian County Detention Center and Center Administration**

Plaintiff's claims against the Sebastian County Detention Center and its Administration must fail, as neither are a person or a legal entity subject to suit under § 1983. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (jails are not legal entities amenable to suit); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

**C. Official Capacity Claims**

Plaintiff proceeds against Defendants in their official capacity only. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that

3

a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914. A custom conflicting with a written policy can support an official capacity claim. *Johnson v. Douglas County Med. Dept.*, 725 F.3d 825, 829 (8th Cir. 2013). A single incident, however, cannot prove the existence of such a custom. *Id*. at 828-29.

Here, Plaintiff failed to identify any custom or policy of Sebastian County which violated her rights, and her allegations center on a single incident of cell placement. Her allegations therefore fail to state any plausible official capacity claims.

## IV.  CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore direct the clerk to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 13th day of February 2020.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE